IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK LEON MASON,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-00185-KD-N |
| | ) | |
| **SHARLA KNOX,** *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court on review of an amended complaint filed by Plaintiff Patrick Mason on June 13, 2023. (Doc. 4).[1] Mason is proceeding *pro se* and *in forma pauperis*, such that his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 1, 2, 3). Upon consideration, and for the reasons stated herein, it is **RECOMMENDED** that Mason's amended complaint (Doc. 4) be **DISMISSED without prejudice**, prior to service, for failure to state a claim upon which relief can be granted.

## I. *Procedural History*

Mason initiated this action by filing a complaint and contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), on May 22, 2023. (Docs. 1, 2). On review of these filings, the undersigned found IFP status was warranted and granted Mason's IFP motion by order dated June 1, 2023. (Doc. 3). This order also identified deficiencies in the complaint, explaining:

    Plaintiff will need to amend his complaint in order for the Court to

---

[1] The District Judge assigned to this case referred Plaintiff's amended complaint to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (6/13/2023 elec. ref.).

1

> properly evaluate his claims. As an initial point, there is no civil cover sheet attached, which is required for all civil actions pursuant to S.D. Ala. CivLR 3(a). Further the allegations in the complaint are vague and unclear. From a high level of generality, Plaintiff appears to assert Mobile County Circuit Court Clerk Sharla Knox deprived him of due process and committed fraud by denying his request(s) for a hearing relating to suspension of his driver's license. (Doc. 1, PageID.4). However, Knox's role in this allegation is not described in any level of detail nor Plaintiff does describe how his rights have been violated by this driver's license suspension and subsequent denial of a hearing regarding the same. (*See* Doc. 1). Plaintiff also identifies the Mobile County Office of Alabama's Department of Human Resources Child Support Enforcement Division as a Defendant; however, it is unclear what role, if any, this entity played as it relates his claim(s). (Doc. 1, PageID.2). Additionally, in the section of the form complaint entitled "Relief," Plaintiff requests monetary damages, asks the Court to "release jurisdiction over my federal refund," and seeks for "the court to either order retired Judge Donald Banks or a new judge to vacate my child support order." (Doc. 1, PageID.4). It is not clear what connection, if any, these requests have to the alleged due process violation involving Knox. As such, Plaintiff is **ORDERED** to file an amended complaint, clarifying his cause(s) of action and the defendants implicated in those cause(s) of action by no later **than June 22, 2023**.

(Doc. 3, PageID.16-17). Mason timely complied with the Court's instructions, filing the now-operative amended complaint June 13, 2023. (Doc. 4).

## II.   *Plaintiff's Amended Complaint (Doc. 4)*

Plaintiff's amended complaint utilizes this Court's form civil complaint and names four Defendants: (1) Sharla Knox, the Mobile County Circuit Court Clerk, (2) the Child Support Enforcement Division of the State of Alabama's Department of Human Resources (hereinafter, the "DHR CSE"), (3) Frank Spraglin, who Plaintiff identifies as a Case Worker for DHR CSE, and (4) the Driver's License Division of the Alabama Law Enforcement Agency (hereinafter, "ALEA DLD"). (Doc. 4, PageID.20-21). As to the basis for jurisdiction, Mason invokes federal question jurisdiction (28

U.S.C. § 1331) and lists four statutes at issue in his case: 18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 3571 (sentence of fine), 18 U.S.C. § 1001 (False Statements Act) and 42 U.S.C. § 1983 (civil action for deprivation of rights). (Doc. 4, PageID.22).

Mason's factual allegations and requested relief are included on an addendum page. (*See* Doc. 4, PageID.25). The addendum "Statement of Claim" section provides:

1. State of Alabama [DHR CSE] sent out a notice on 03/15/2023 to a fictitious entity used by the government to do business (18 USC 1001). I requested a hearing on 03/28/2023 and that request was denied on 04/11/2023 (18 USC 3571, 18 USC 242).

2. On 04/29/2023 correspondence was received with the return address naming Sharla Knox[] as the sender. Again, to a fictitious entity (18 USC 1001). The contents of the letter contained a hardship affidavit and motion I'd submitted to the court on 04/21/2023 requesting a review of the child support case. The hardship affidavit had a yellow sticky note attached to it falsely stating that the cases were not in Mobile County (18 USC 3571, 18 USC 242).

3. On 05/31/2023, correspondence was received from [ALEA DLD]. Also addressed to a fictitious entity (18 USC 1001). It was a notice of the suspension of driver's license (42 USC 1983, 18 USC 242, 18 USC 3571).

(*Id*.). As to the relief sought, Plaintiff's addendum "Relief" section provides:

1. I ask the court to order State of Alabama [DHR CSE] to vacate the child support order and any arrears which may have occurred be deleted as if the order never existed. And I also place a claim of $261,000 against them for each time my rights were violated per color of law fine schedule.

2. I ask the court to order Sharla Knox[] and the Circuit Court to vacate the child support order and any arrears which may have occurred be deleted as if the order never existed. And I also place a claim of $511,000 against the defendant for each time my rights were violated per color of law fine schedule.

3

3. I ask the court to order [ALEA DLD] to reinstate the driver's license. I also place a claim of $311,000 against the defendant for each time my rights were violated per color of law fine schedule.

(Doc. 4, PageID.25-26). Also incorporated with Mason's complaint are 38 pages of attachments. (*See* Docs. 4-1 to 4-8). These attachments include a JS44 Civil Cover Sheet, several documents alluded to by Mason in the addendum "Statement of Claim" section and other documents not specifically mentioned by Mason's "Statement of Claim" section but seemingly involving the same issue(s).[2]

## III. *Legal Standards*

The IFP statute, 28 U.S.C. § 1915, is designed so "[a]ll persons, regardless of wealth, are entitled to reasonable access to the courts." *Moon v. Newsome,* 863 F.3d 835, 837 (11th Cir. 1989). The statute states, in relevant part:

> [Subject to inapplicable exceptions] any court of the United States may authorize the commencement, prosecution or defense of any suit, action

---

2 Specifically, the attachments included by Mason are copies of: (1) a "Notice of Intent to Withhold, Restrict the Use of, Suspend, or Revoke an Alabama License" sent to Mason on May 15, 2023 from DHR CSE, (2) Mason's March 28, 2023 response to said notice, and (3) a "Notice of Decision Regarding Administrative Review" sent to Mason on April 11, 2023 from DHR CSE (Doc. 4-2); (4) a notarized document authored by Mason entitled "Hardship Affidavit" which includes the sticky note stating "Cases are not in Mobile County," along with (5) a document authored by Mason entitled "Motion" (Doc. 4-3); (6) an ALEA DLD notice dated May 31, 2023 informing Mason of his driver's license suspension, and (7) Mason's resume with an attached sticky note stating "[t]he suspension of my license could make it hard for me to find a job in my field (driving)" (Doc. 4-4); (8) a notarized, handwritten document dated May 31, 2023 signed and authored by Mason which states, "Notice of Intent to File a Claim" and "The [ALEA DLD] has committed a due process violation again[st] me on 05/31/2023," along with (9) a "Form COL" "Violation Warning" apparently "served" on ALEA DLD by Mason on June 13, 2023, (Doc. 4-5); (10) a notarized, handwritten document dated June 13, 2023 signed and authored by Mason which states "Notice of Intent to File a Claim" and "You, Frank Spraglin of [DHR CSE] have committed a due process violation again[st] me on 04/11/2023," and (11) a second "Form COL" "Violation Warning" apparent "served" on Spraglin by Mason on June 13, 2023 (Doc. 4-6); (12) an April 20, 2023 "Dear Colleague" letter authored by Associate Attorney General Vanita Gupta relating to the imposition and enforcement of fines and fees in juvenile and child support cases, and (13) a second "Dear Colleague" letter – also dated April 20, 2023 – authored by Assistant AG Kristen Clarke, Principal Deputy Assistant AG Amy Soloman and Office for Access to Justice Director Rachel Rossi explaining DOJ's perspective on relevant laws child support laws and regulations (Doc. 4-7); and finally, a chart entitled "Crimes Under Color of Law," which lists several crimes and associated penalty provisions for violations under Title 18 of the United States Code (Doc. 4-8).

or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). While this statute aims to "ensure[] that indigent persons will have equal access to the judicial system," IFP motions are not "a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citations omitted). *See Camp v. Oliver*, 198 F.2d 434, 437 (11th Cir. 1986) ("There is no question that proceeding in forma pauperis is a privilege, not a right…").[3]

While complaints filed by *pro se* litigants are "liberally construed" and "held to less stringent standards" than complaints drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, despite this leniency, *pro se* litigants remain obligated to "conform with procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Once a party has been granted IFP status, the Court must screen a complaint for various defects. Specifically, this screening procedure mandates the following:

---

[3] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

5

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Holliday v. Sec'y, Florida Dep't of Corr.*, 2022 U.S. App. LEXIS 25497, n.1 (11th Cir. 2022) (per curiam) (noting application of § 1915(e)(2)'s screening procedure to both prisoners and non-prisoners).

## IV. *Analysis*

After careful review of the amended complaint, the undersigned finds the amended complaint fails to state any cognizable claim upon which relief can be granted. Therefore, the undersigned **RECOMMENDS** Mason's amended complaint (Doc. 4) be **DISMISSED without prejudice**, prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Mason's amended complaint seeks to invoke this Court's federal question jurisdiction, and he cites to four statutes in the basis of jurisdiction section of his form civil complaint: 18 U.S.C. § 1001, 18 U.S.C. § 3571, 18 U.S.C. § 242 and 42 U.S.C. § 1983.[4] (Doc. 4, PageID.22). These same four statutes appear in Mason's "Statement of Claim" addendum. (Doc. 4, PageID.25-26). However, three of these statutes – 18 U.S.C. §§ 242, 1001 and 3571 – do not authorize a private right of action by way of

---

4 Mason also marks the box for "Federal Question" jurisdiction on the JS44 Civil Cover Sheet. (*See* Doc. 4-1, PageID.27). Additionally, he has erroneously marked the box indicating his complaint was removed from state court, denotes the nature of his action is challenging the "Constitutionality of State Statutes" (Code 950), and cites to 18 U.S.C. § 242 in the "Cause of Action" section, describing his complaint as implicating a "deprivation of rights under color of law." (*See id*.). While the Court notes Mason's entries on said form, "the Civil Cover Sheet is not the complaint, and allegations on the Civil Cover Sheet are not part of the complaint." *Jackson-Rone v. Long Beach Mortg. Co.*, 2017 U.S. Dist. LEXIS 220350, n.1 (N.D. Ga. 2017) (citation omitted).

6

civil enforcement. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1350-54 (11th Cir. 2002) (explaining how criminal statues do not provide for private civil causes of action); *Morrell v. Lunceford,* 2011 U.S. Dist. LEXIS 105242, *24 (S.D. Ala. 2011) (cleaned up) ("As a general matter, Title 18 is a federal criminal statute which does not create civil liability or a private right of action… thus, private parties may not maintain suit under most provisions of Title 18."). *See e.g., Moni v. Volusia Cty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018) (per curiam) (no private right of action under 18 U.S.C. § 242); *Thomas-Ikomoni v. McCall Raymer*, LLC, 2008 U.S. Dist. LEXIS 140412, *26 (N.D. Ga. 2008) (citation omitted) (no private right of action under 18 U.S.C. § 1001); *Walker v. Wuchte,* 2022 U.S. Dist. LEXIS 107131, *5 (E.D.N.Y. 2022) (no private right of action under 18 U.S.C. § 3571); *Lewis v. Wilmington Sav. Fund. Soc'y*, 2023 U.S. Dist. LEXIS 94279, *23 at n.104 (E.D. Pa. 2023) (collecting cases). Because Plaintiff cannot maintain an action pursuant to these statutes, to the extent Plaintiff asserts claims pursuant to 18 U.S.C. §§ 242, 1001 and/or 3571, they must be dismissed because they fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983. To set out a claim under § 1983, a Plaintiff must show "the conduct complaint of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or law of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis supplied).

7

Three of the four named defendants – DHR CSE, ALEA DLD, and Knox, in her official capacity – are not "persons" subject to suit under § 1983. Pursuant to the Eleventh Amendment, claims against a State itself, or any State entities deemed to be an "arm of the state" are barred. *See Myrick v. Fulton County*, 69 F.4th 1277, 1294 (11th Cir. 2023) (cleaned up) ("The law is well-settled that Eleventh Amendment immunity bars suits brough in federal court when the State itself is sued and when an 'arm of the state' is sued." (citation omitted)). Moreover, it is well-established that DHR CSE, ALEA DLD, and Knox, in her official capacity as Mobile County Circuit Court Clerk, are entities deemed to be "arms of the state." *Accord., Smith v. State Dep't of Human Res. Child Support Div.*, 2016 U.S. Dist. LEXIS 85449, *12 (S.D. Ala. 2016) (finding Alabama DHR to be an arm of the state); *Johns v. Pettaway*, 2022 U.S. Dist. LEXIS 22389, *5 at n.3 (M.D. Ala. 2022) ("It is well-established that ADHR is an arm of the state."); *Hatcher v. Ala. Dep't of Human Servs.*, 747 F. App'x 778, 783 (11th Cir. 2018) (per curiam) (unpublished) (finding Alabama Department of Human Services, Child Support Enforcement Division to be an arm of the state); *Moore v. Marshall*, 2020 U.S. Dist LEXIS 12586, *28 (S.D. Ala. 2020) (finding ALEA to be an arm of the state); *Miller v. Montgomery Police Dep't*, 2023 U.S. Dist. LEXIS 2638, *8 (M.D. Ala. 2023) (same); *Meadows v. Shaver*, 327 So. 3d 213, at * 2 (describing role of circuit court clerks before concluding they are state officers entitled to immunity for official capacity claims); *Glenn v. Cleveland Bros.*, 2021 U.S. Dist. LEXIS 241447, *7 (M.D. Ala. 2021) (finding Lee County Circuit Court to be an arm of the State not subject to suit under § 1983 and noting its immunity extends to the clerk of court

when acting in her official capacity); *Smiley v. Mobile Cnty. Circuit Court*, 2017 U.S. Dist. LEXIS 7584, *4-5 (S.D. Ala. 2021) ("Thus, the Mobile County Circuit Court is an arm of the State of Alabama and, therefore, not a 'person' that may be sued under § 1983."). Thus, because each of these entities are not considered "persons" subject to suit under § 1983, and they are otherwise entitled to Eleventh Amendment immunity as "arms of the state," Plaintiff fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to bring a claim against Knox in her individual capacity, he similarly fails to state a claim upon which relief may be granted because the amended complaint is devoid of any factual allegations from which the Court could draw a reasonable inference that Knox deprived Mason of any "rights, privileges, or immunities secured by the Constitution or law of the United States." *Harvey*, 949 F.2d at 1130. (*See* Doc. 4). Indeed, Mason does not identify what right, privilege or immunity – if any – he has been deprived of. (*Id*). As a result, his conclusory allegations that Knox violated his due process rights are insufficient to sustain a cause of action against her. (*Id*.). The same is true as to Defendant Spraglin, who Plaintiff identifies as a DHR CSE caseworker. (*Id*.). Apart from being named in the complaint and a conclusory assertion that Spraglin violated Mason's due process rights, there are no factual allegations to support a claim against Spraglin or to connect him with any deprivation under color of law. (*Id*.). Therefore, Plaintiff's claims against Knox and Spraglin in their respective individual capacities, to the extent such claims are asserted, are due to be dismissed for failure to state a claim

9

upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. *Conclusion*

For the reasons stated above, Mason's amended complaint fails to state a claim upon which relief may be granted. Accordingly, the undersigned **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED without prejudice**, prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of July 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**